UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERONICA REPPERGER et al.,<br><br>       Plaintiffs,<br>  v.<br><br>ULTA SALON COSMETICS & FRAGRANCE INC.,<br><br>       Defendant. | CASE NO. 2:25-cv-02398-LK<br><br>ORDER GRANTING CONSENT MOTION TO TRANSFER CASE |

  This matter comes before the Court on Defendant Ulta Salon Cosmetics & Fragrance Inc.'s Consent Motion to Transfer Venue. Dkt. No. 18. Ulta seeks "an order pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Eastern District of Washington" because this action is closely related to an action previously filed in that District: *Shahpur v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 2:25-cv-00284. *Id.* at 1–2. Plaintiffs consent to the requested transfer. *Id.*

  This action was filed in Island County Superior Court on October 22, 2025, Dkt. No. 1-1 at 2, and was removed to this District on November 26, 2025, Dkt. No. 1 at 1. Prior to that, the

ORDER GRANTING CONSENT MOTION TO TRANSFER CASE - 1

1 related action was filed in Spokane County Superior Court on June 26, 2025 and was removed to
2 the United States District Court for the Eastern District of Washington on August 1, 2025.
3 *Shahpur*, No. 2:25-cv-00284, Dkt. No. 1 at 1, 25 (E.D. Wash.). Like this action, *Shahpur* involves
4 alleged "CEMA and per se CPA violations stemming from Ulta's commercial email subject lines
5 sent to Washington residents," includes claims related to "subject lines touting 'free gifts' without
6 disclosing the purchase requirements or exclusions at the outset," and purports to represent a class
7 of "Washington residents over a four-year period[.]" Dkt. No. 18 at 6–7. Ulta avers that "the
8 operative facts and proof substantially overlap" because the "actions target the same Ulta email
9 marketing program during an overlapping four-year period and under the same Washington
10 statutes" and both actions "address Ulta's subject-line drafting, approval workflows, campaign
11 calendars, and send logs for Washington recipients." *Id.* at 7.

12    For the convenience of parties and witnesses, and in the interest of justice, a district court
13 has discretion to "transfer any civil action to any other district or division where it might have been
14 brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In
15 addition, the first-to-file rule "permits a district court to decline jurisdiction over an action when a
16 complaint involving the same parties and issues has already been filed in another district."
17 *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). "Normally sound
18 judicial administration would indicate that when two identical actions are filed in courts of
19 concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no
20 purpose would be served by proceeding with a second action." *Id.* at 95. The considerations
21 relevant to discretionary transfer and the first-to-file rule weigh in favor of transferring this action
22 to the Eastern District of Washington. *See* Dkt. No. 18 at 7–15; *Kohn Law Grp., Inc. v. Auto Parts*
23 *Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015); *Jones v. GNC Franchising, Inc.*, 211 F.3d
24 495, 498–99 (9th Cir. 2000).

ORDER GRANTING CONSENT MOTION TO TRANSFER CASE - 2

The Court GRANTS Ulta's consent motion to transfer this case to the Eastern District of Washington. Dkt. No. 18. The Court directs the Clerk to transfer this matter to the United States District Court for the Eastern District of Washington.

Dated this 31st day of December, 2025.

*Lauren King*
Lauren King
United States District Judge

ORDER GRANTING CONSENT MOTION TO TRANSFER CASE - 3